### TRIAL FOR ASSAULT TO KILL AND MAIM.

Circuit Court for Lucas County.

W. D. CROMLEY v. STATE OF OHIO.

Decided, November 16, 1912.

*Criminal Law—Defendant Charged With Assault to Kill, to Wound and Mayhem—Charge to the Jury—Omission of the Word "Not"— Verdict Should Respond to the Counts Under Which Defendant is Tried—Reasonable Doubt.*

1. It is reversible error to state a proposition of law incorrectly in the charge to the jury by leaving out one material element, notwithstanding the same proposition was correctly stated in an earlier part of the charge.

2. It is also error to so charge the jury as to authorize them to return a verdict of guilty "under the third count of the indict-

ment if they should find simply that the defendant made the assault with a dangerous instrument," when the third count of the indictment contained no charge of assault made with a dangerous instrument.

3. To charge a jury that "if you can say that you have an abiding conviction of defendant's guilt, then you are satisfied beyond a reasonable doubt," is error for the reason that the statement does not contain all the requirements as to the degree of evidence necessary to satisfy the mind beyond a reasonable doubt.

*C. W. Meck, Byron F. Ritchie* and *Ralph Emery,* for plaintiff in error.

*H. C. Webster,* Prosecuting Attorney, and *A. F. Connolly,* for state.

RICHARDS, J.; WILDMAN, J., and KINKADE, J., concur.

Error to Court of Common Pleas of Lucas County.

The plaintiff in error was indicted at the September term, 1911, the indictment containing three counts. The first count charged him with an assault with intent to kill one Rezin Orr; the second count with intent to wound said Rezin Orr, and the third count contained a charge of mayhem committed on said Rezin Orr.

The prosecuting attorney on the trial in the court of common pleas elected to proceed upon the first and third counts and the jury returned a verdict of guilty on the third count contained in the indictment. Upon that verdict the defendant was sentenced to the penitentiary.

Numerous errors are assigned in this court for which it is contended the judgment of the court below should be reversed. Among other errors insisted upon by counsel are those relating to the charge of the court as given to the jury. During the course of the charge the trial judge properly stated to the jury the essential elements constituting the crime of mayhem as charged in the third count in the indictment, and among others, that before the jury returned a verdict of guilty under that count, they must find from the evidence, beyond a reasonable doubt, that the left eye of the complaining witness, Rezin Orr, was destroyed or put out as a result of the claimed assault. Elsewhere

in the charge the trial judge again recurs to the elements necessary to constitute this crime and undertakes to re-state them, and in this re-statement he omits the requirement that the burden rests upon the state in order to justify a conviction under the third count to satisfy the jury beyond a reasonable doubt that an eye of said Rezin Orr was destroyed or put out. The court in the concluding portion of this re-statement says to the jury, "Unless you find, and before you can find a verdict against the defendant on this count in the indictment, you must find these facts established to your satisfaction beyond a reasonable doubt by the evidence." By so stating, the trial judge thus emphasized the essential facts as just recited by him, which recital omitted the fact already stated. In view of this state of the charge, the jury may have concluded that it was unnecessary, in order to justify a conviction under the third count in the indictment, that they should find that an eye of the complaining witness had been destroyed or put out.

The indictment is returned under Section 12416, General Code, which requires that before the defendant can justly be convicted of the particular offense set forth in the third count of the indictment, the eye must be put out or destroyed. The evidence in the case was of such character that it became important for the jury to determine, as one of the essential elements of the crime, the averment contained in the indictment which was omitted in the re-statement made by the trial judge.

I call attention to two cases which shed light upon the question under consideration: *Northern Ohio Ry. Co.* v. *Rigby,* 69 O. S., 184, 191; *Railway Co.* v. *Frye,* 80 O. S., 289, 298.

In each of these cases the correct proposition of law had been given to the jury in charge, but elsewhere in the charge the law was improperly stated. Under that state of the case the Supreme Court say on page 298 of the case last cited that it is impossible for the court to determine which of the instructions the jury followed, and that the court can not assume that the jury selected the one statement which was substantially correct and rejected the other statements which were erroneous, and that under

such circumstances the rule that error without prejudice is not ground for reversal can have no application.

We conclude that the charge is erroneous in thus re-stating the elements and leaving out one material element as contained in this charge.

The court further charging the jury gives this proposition: .

"Before they can find the defendant guilty under the third count of this indictment, they must be satisfied beyond a reasonable doubt from the evidence that the defendant, if he did make this assault, made it with the malicious intent to maim or disfigure the said Rezin Orr, or that he made it with a dangerous instrument,—that he did make the assault with a dangerous instrument."

The language is subject to the infirmity of the earlier part of the charge to which reference has been made, and also to the further objection that it apparently authorized the jury to return a verdict of guilty under the third count of the indictment if they should find simply that defendant made the assault with a dangerous instrument, whereas the third count of the indictment contains no charge of an assault made with a dangerous instrument, and we therefore hold that this proposition of law in view of the language in the indictment is erroneous.

The court in defining reasonable doubt uses some language, doubtless inadvertently, to which we think it important that attention should be called. He said to the jury "This doubt should not be speculative or imaginative nor be based on conjecture or fancies; it arises, or may arise from that state of the proof which, after you have considered and compared all the evidence, and having in mind the presumption of defendant's innocence, leaves your minds in that condition that you *can say* that you have an abiding conviction to a moral certainty of defendant's guilt." By omitting the word "not" after the word "can" and in front of the word "say," the court states to the jury the opposite of the proposition which he doubtless intended to give in the charge. The charge should have stated in substance that under the circumstances stated the doubt would arise if the minds of the jury were left in such condition that

they could *not* say they had an abiding conviction to a moral certainty of defendant's guilt. The language used by the court is, with the correction suggested, substantially the same as was used in the charge as found in *Commonwealth* v. *Webster*, 5 Cush., 295, 320, cited with approval in *Morgan* v. *State*, 48 O. St., 371, and particularly page 378. See also *Clark* v. *State*, 12th Ohio, 483, and particularly page 496.

The trial judge stated to the jury further as follows: "If you can say that you have an abiding conviction of defendant's guilt, then you are satisfied beyond a reasonable doubt." This statement contained in two lines in effect justifies a verdict of guilty so far as the degree of evidence is concerned if the jury have an abiding conviction of the defendant's guilt. We think the language is not sufficiently clear and does not contain all the requirements relating to the degree of evidence that are necessary in defining a reasonable doubt.

The verdict returned by the jury in this case specifically finds the defendant guilty as charged in the third count of the indictment, without making any reference to the first count. The case was submitted to the jury upon both the first and third counts and proper practice would require that the verdict should respond to the issues made on both the first and third counts of the indictment. *Wilson* v. *State*, 20 Ohio, 26; *Jackson* v. *State*, 39 O. S., 37.

We have examined the evidence contained in the bill but as the case will have to be reversed and remanded for a new trial, we refrain from passing upon the weight of the evidence.

Judgment reversed and cause remanded for a new trial.